## LAURA A. CASWELL *v.* JAMES SHERMAN CASWELL.

*Divorce not granted for cause existing at time of marriage.*
*Imprisonment.*

1. A divorce will not be granted for a cause which the libellant knew or ought to have known existed at the time of the marriage.

2. The libellant having married the libellee after he had been convicted of murder in the second degree, but while his case was pending in the Supreme Court on exceptions, a divorce will not be given upon the ground of his subsequent sentence to the State prison for life.

Petition for divorce. Heard at the September term, 1891, Start, J., presiding. Petition denied. The petitioner excepts.

The petitionee had been for many years the hired man of the petitioner's father, and as such a member of his family. The petitioner had lived in the same family, and although not married to the petitionee had stood to him in the relation of wife. Subsequently to the death of her father she married one Gould whom the petitionee shot and killed the day after the marriage. For this act he was arrested, tried and convicted of murder in the second degree. After the conviction and while the case was pending on exceptions in Supreme Court, the petitioner married the petitionee in jail. Subsequently the petitionee was sentenced

to the State prison for life, and this was the cause alleged in the petition.

*S. C. Shurtleff*, for the petitionee.

The statute is mandatory and the court has no discretion. *Miners* v. *The Mechanic's Bank of Alexandria*, 1 Pet. 46 ; *Supervisors* v. *U. S.*, 4 Wall. 435.

The opinion of the court was delivered by

**TAFT, J.**   To entitle one to relief in a divorce court, the party must come with clean hands.   It is a general doctrine that a man shall not complain of what he knew, or, might have known at the time of the marriage.   At the time of the marriage the libellant knew, or had good reason to believe, that the libellee would be sentenced to life imprisonment in the State prison under a prior conviction of murder.   When one marries a State prison convict it is trifling with the law, for the party to say, she did not know that sentence would follow conviction.   A slight delay would have given the knowledge.

*The decree is affirmed.*